UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUNANDA KERN,                                              **REPORT AND**
                                                          **RECOMMENDATION**


                                    Plaintiff,            19-CV-01106(LJV)(JJM)

v.

LINDA JOYCE, DIRECTOR NEW
YORK STATE CENTRAL REGISTER
OF CHILD ABUSE AND MALTREATMENT, in her
official capacity, and SHEILA POOLE, ACTING
COMMISSIONER, NEW YORK STATE OFFICE OF
CHILDREN AND FAMILY SERVICES, in her
official capacity,
                                    Defendants.
_____

          Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. §1983 for

declaratory and injunctive relief. Amended Complaint [4].  Before the court is defendants'

motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. ("Rules") 12(b)(6) and/or

(b)(1) [6]. [1]  The motion has been referred to me by District Judge Lawrence J. Vilardo for initial

consideration [7].  Having considered the parties' submissions [6, 10, 11], I recommend that the

motion be granted.


                              **BACKGROUND**

          In connection with a neglect case pending in Family Court, the Child Protective

Services Unit of the Erie County Department of Social Services "indicated" plaintiff for

maltreatment of her daughter. Amended Complaint [4], ¶¶7, 12(a)-(c).  Plaintiff alleges that the

---

[1]      Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page
references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

New York State Central Register of Child Abuse and Maltreatment ("Central Register") denied her request to amend the report of maltreatment of a child to "unfounded" and to seal it. Id., ¶¶5, 12(c).  She then appealed that decision to the New York State Office of Children and Family Services ("OCFS") in February 2016, and Administrative Law Judge ("ALJ") Daniel U. Scott affirmed that determination in March 2018. Id., ¶8; Decision After Hearing [6-1], pp. 43-53 of 53 (CM/ECF).

Plaintiff next commenced a New York Civil Practice Law and Rules ("CPLR") Article 78 proceeding in New York State Supreme Court, Erie County, seeking to annul the ALJ's determination.  Amended Complaint [4], ¶9; Petition [6-1], pp. 36-40 of 53 (CM/ECF). That proceeding was transferred to the New York State Supreme Court, Appellate Division, Fourth Department, and by Memorandum and Order dated July 31, 2019, it affirmed the ALJ's determination, finding that it was supported by substantial evidence.  *See* Kern v. New York State Central Register of Child Abuse & Maltreatment, 174 A.D.3d 1434 (4th Dept. 2019), lv. denied, 34 N.Y.3d 906 (2019).

Plaintiff alleges that during the Article 78 proceeding she learned of investigative records and reports "well after having the opportunity to defend herself" before the ALJ. Amended Complaint [4], ¶¶13-14, 17.  She contends that the failure "to give the Investigative Records and reports of the CPS caseworkers to [her] resulted in [her] not being able to defend herself and her indicated record did not get expunged". Id., ¶17.  Consequently, plaintiff alleges that she was fired from her employment, was unable to obtain other employment, and lost custody of her child. Id., ¶¶17-18.

In this action, plaintiff seeks a declaration that the ALJ's decision was "insufficient as the defendants fail[ed] to provide the investigative records and reports to [her] to

defend herself", and that her records be amended to "unfounded" and be sealed. Amended

Complaint [4], Wherefore Clause.

   In lieu of answering the Amended Complaint, defendants moved to dismiss the

Amended Complaint by arguing that plaintiff's claims are barred by res judicata and collateral

estoppel, and that this court lacks subject matter jurisdiction over plaintiff's claims pursuant to

the Rooker-Feldman doctrine.[2]  Belka Affidavit [6-1], ¶¶16-45.[3]


## DISCUSSION

   "A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and

12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6)

motion is a decision on the merits and, therefore, an exercise of jurisdiction." Dutrow v. New

York State Gaming Commission, 2014 WL 11370355, *3 (E.D.N.Y. 2014), aff'd, 607 Fed.

App'x. 56 (2d Cir. 2015) (Summary Order).  Whereas a challenge to the court's "subject matter

jurisdiction pursuant to the Rooker-Feldman doctrine is properly considered under Rule

12(b)(1)", Hylton v. J.P. Morgan Chase Bank, N.A., 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018),

"[m]otions to dismiss invoking res judicata and collateral estoppel are properly brought under

Rule 12(b)(6)". Marcelin v. Cortes-Vazquez, 2010 WL 5665037, *2 (E.D.N.Y. 2010), adopted,

2011 WL 346682 (E.D.N.Y. 2011).

---

[2]   This doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of
Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[3]   In contravention of L.R. Civ. P. 7(a)(2)(A) and 7(a)(3), defendants' motion is not accompanied
by a Memorandum of Law.

**A.     Rule 12(b)(1) Motion**

      **1.     The Rule 12(b)(1) Standard**

            "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . .  may refer to evidence outside the pleadings."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

      **2.     The Rooker-Feldman Doctrine**

            The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments". Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 281 (2005).  "[I]n order to satisfy the requirements of Rooker-Feldman, the defendant must satisfy the following four requirements:  First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must complain of injuries caused by a state-court judgment.  Third, the plaintiff must invite district court review and rejection of that judgment.  Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." Sykes v. Mel S. Harris & Associates LLC, 780 F.3d 70, 94 (2d Cir. 2015).  "While all four requirements must be met in order for Rooker-Feldman to act as a jurisdictional bar, [the Second Circuit has] held that the second requirement - that the plaintiff complains of an injury *caused* by a state-court judgment - is the core requirement from which the other Rooker-Feldman requirements derive." Sung Cho v. City of New York, 910 F.3d 639, 646 (2d Cir. 2018) (emphasis in original).

               Defendants make no attempt to address any of these factors.  Instead, they argue that the Rooker-Feldman doctrine applies because the issues decided by the Appellate Division

"are inextricably intertwined with the issues presented by the instant claims". Belka Affidavit [6-1], ¶41. However, the Second Circuit has held that "Rooker-Feldman does not apply merely because a federal-court plaintiff's constitutional claims are 'inextricably intertwined' with a state-court decision", explaining that standard "did not survive the Supreme Court's decision in Exxon Mobil", supra. McLamb v. County of Suffolk, 280 Fed. App'x. 107, 108 (2d Cir. 2008) (Summary Order).

        Nor is it evident that defendants can satisfy the proper standard. "A federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." Hoblock v. Albany County Board of Elections, 422 F.3d 77, 88 (2d Cir. 2005). Here, plaintiff's injuries were caused by the ALJ's decision and the misconduct that led to that decision, not by the Appellate Division ratifying that ruling or leaving the alleged misconduct unpunished. See L.A.M. Recovery, Inc. v. Department of Consumer Affairs, 184 Fed. App'x. 85, 87 (2d Cir 2006) (Summary Order) (the plaintiff's "injuries were caused by a state administrative agency, not by the state courts that let the agency ruling stand"); Dutrow v. New York State Gaming Commission, 2014 WL 11370355, *4 (E.D.N.Y. 2014), aff'd, 607 Fed. App'x. 56 (2d Cir. 2015) (Summary Order) ("[p]laintiff pleads that his injuries were caused by the [state agency's] revocation of his license without due process of law - not by the state court judgment that 'simply ratified, acquiesced in, or left unpunished' the [the state agency's] determination . . . . The Rooker-Feldman doctrine therefore does not prohibit this Court from exercising subject matter jurisdiction over Plaintiff's § 1983 claims"); Sindone v. Kelly, 439 F. Supp. 2d 268, 274 (S.D.N.Y. 2006), aff'd, 254 Fed. App'x 58 (2d Cir. 2007) ("*even if Sindone's federal claim sought to deny and reverse the state court judgment*, his

claim would be 'independent' for <u>Rooker–Feldman</u> purposes to the extent that the 'source of the injury' he complains about emanates in the first instance from his dismissal by the NYPD, and not collaterally from the state court judgment rendered in the Article 78 proceedings affirming the NYPD's action" (emphasis added)).

   Therefore, I will address defendants' other arguments. *See* <u>L.A.M. Recovery, Inc.</u>, 184 Fed. App'x. at 87–88 ("[a]lthough <u>Rooker–Feldman</u> is not applicable, the prior state court judgment may still collaterally estop [the plaintiff] from re-litigating its claims in federal court").

### B.  Rule 12(b)(6) Motion

#### 1.  The Rule 12(b)(6) Standard

   In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

#### 2.  Preclusion

   Res judicata (also known as claim preclusion) and collateral estoppel (also known as issue preclusion) are rooted in the judicial policy that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." <u>Astoria Federal Savings & Loan Association v. Solimino</u>, 501 U.S. 104, 107 (1991). The full faith and credit statute provides that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under

the law of the State in which the judgment was rendered". <u>Migra v. Warren City School District Board of Education</u>, 465 U.S. 75, 81 (1984).

       **a.**    **Res Judicata**

Res judicata "bars a subsequent action - involving either the same plaintiffs or parties in privity with those plaintiffs - from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits". <u>Bank of New York v. First Millennium, Inc.</u>, 607 F.3d 905, 918 (2d Cir. 2010). "Under New York law, claim preclusion, traditionally known as res judicata, applies when: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or others in privity; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." <u>Best Payphones, Inc. v. Dobrin</u>, 410 F. Supp. 3d 457, 506 (E.D.N.Y. 2019); <u>Monahan v. New York City Department of Corrections</u>, 214 F.3d 275, 285 (2d Cir. 2000).

"It is well-settled that Article 78 proceedings constitute 'an adjudication on the merits' for purposes of a res judicata analysis." <u>Miller v. City of New York</u>, 2019 WL 2164100, *2 (E.D.N.Y. 2019). However, "the doctrine of res judicata is not an automatic bar to a plaintiff bringing a § 1983 claim in federal court after a determination by a New York court in an Article 78 proceeding". <u>LaCorte</u>,1996 WL 590735 at *7. "The burden is on the party seeking to invoke res judicata to prove that the doctrine bars the second action". <u>Computer Associates International, Inc. v. Altai, Inc.</u>, 126 F.3d 365, 369 (2d Cir. 1997). "All litigants, including pro se plaintiffs, are bound by the principles of res judicata." <u>Sachs v. Matano</u>, 2016 WL 4179792, *4 (E.D.N.Y.), <u>adopted</u>, 2016 WL 4186708 (E.D.N.Y. 2016).

In response to defendants' motion, plaintiff challenges the first and third elements by arguing that the Appellate Division expressly declined to reach her arguments that defendants

withheld material evidence from her that they provided to the ALJ and also relied upon false or manipulated evidence because those issues were not raised before the ALJ. Plaintiff's Response [10], p. 9 of 44 (CM/ECF).  However, that does not undermine the applicability of the doctrine of res judicata. *See* Taylor v. New York City Transit Authority, 433 F.2d 665, 668 (2d Cir. 1970) (where the state court determined in an Article 78 proceeding that the failure to raise an issue in the underlying state administrative appeal precluded it from reaching the issue, that decision by the state court was considered an adjudication on the merits for purposes of applying res judicata).

Related to the third element,[4] res judicata "will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation". Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986).  "While some cases have held that § 1983 actions for damages are not barred by prior Article 78 proceedings, the rationale of that line of cases does not apply here" because plaintiff is not seeking any relief that was unavailable in the Article 78 proceeding. Bal v. New York City Loft Board, 2000 WL 890199, *4 (S.D.N.Y. 2000). *See also* Miller, 2019 WL 2164100 at *2 ("[b]ecause Miller's federal claims for declaratory relief mimic those raised in his Article 78 petition and seek relief that would have been available in that proceeding, those claims are barred by the doctrine of res judicata"); Fulani v. MacKay, 2007 WL 959308, *6 (S.D.N.Y. 2007) (the plaintiffs cannot "litigate their claim seeking a declaration that their constitutional rights were violated, or now seek an injunction against future violations, as this claim also could have been raised in their Article 78 proceeding").

---

[4]    To "satisfy the third element of claim preclusion, the party asserting claim preclusion must show both that the initial forum had jurisdiction to hear and decide the current claim and the power to award the full relief the plaintiff." Kneitel v. Schain, 2019 WL 4093457, *4 (E.D.N.Y. 2019).

-8-

The remaining element - that the previous action involved the same parties or others in privity - is not challenged by plaintiff.  "It is well settled in this circuit that literal privity is not a requirement for res judicata to apply . . . . Instead, a party will be bound by the previous judgment if his interests were adequately represented by another vested with the authority of representation." Monahan, 214 F.3d at 285.  As defendants note, plaintiff was a party to both actions.  Belka Affidavit [6-1], ¶23.  Although defendant Linda Joyce was not expressly a party to the Article 78 proceeding, as the Director of the Central Register - a party to that action - privity bars relitigation of the claims against her. See Leo v. New York City Department of Education, 2014 WL 6460704, *4 (E.D.N.Y. 2014) ("while Attilio was not previously a party, as an 'employee[ ] of [a party to the initial action], the principle of privity bars relitigation of these claims' against him as well"). See also Fabian v. Pappalardo, 395 F. Supp. 3d 257, 264 (S.D.N.Y. 2019) ("[a] prior judgment in favor of a government will generally bar actions against officials of the government in their official capacity for the same claim"); Overview Books, LLC v. United States, 755 F. Supp. 2d 409, 417 (E.D.N.Y. 2010), aff'd, 438 Fed. App'x. 31 (2d Cir. 2011) (Summary Order) ("government officials sued in their official capacities are generally considered to be in privity with the governmental entity that they serve").  Likewise, even though neither the OCFS nor its Acting Commissioner were parties to the Article 78 proceeding, there is sufficient privity between the OCFS and the Central Register to bar the current claims against defendant Sheila Poole. See Judge Vilardo's September 3, 2019 Decision and Order [3], p. 5 (the "'Central Register . . .' is a 'division of'[OCFS]").[5]

---

[5]    Because of this recommendation, it is unnecessary for me to address defendants' reliance on collateral estoppel.  However, I note that such reliance appears tenuous, since, as plaintiff argues, the Appellate Division expressly declined to consider plaintiff's claim in this action that defendants withheld material evidence from her.  Plaintiff's Response [10], p. 10 of 44 (CM/ECF), ¶21. See Kern, 174 A.D.3d at 1436. For the doctrine of issue preclusion to apply, there are several requirements, including that "the issue in question was actually and necessarily decided in a prior proceeding". Colon v. Coughlin, 58 F.3d

**CONCLUSION**

For these reasons, I recommend that defendants' motion to dismiss [6] be granted to the extent that it is brought pursuant to Rule 12(b)(6), but otherwise be denied. Unless otherwise ordered by District Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by May 7, 2020.

Any requests for extension of this deadline must be made to District Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new

---

865, 869 (2d Cir. 1995). "[I]f a court does not address an issue because it deems the argument on the issue to have been waived, then, for collateral estoppel purposes, the issue has not been decided". Fuchsberg & Fuchsberg v. Galizia, 300 F.3d 105, 109 (2d Cir. 2002). *See also* LaCorte v. Hudacs, 1996 WL 590735, *7 (N.D.N.Y. 1996), aff'd, 162 F.3d 1148 (2d Cir. 1998) ("the doctrine of collateral estoppel may preclude relitigation of issues *actually decided* in state court" (emphasis in original)).

arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 20, 2020

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge