UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUNANDA KERN,

   Plaintiff,

 v.

LINDA JOYCE, *Director New York State Central Register of Child Abuse and Maltreatment*, and SHEILA POOL, *Acting Commissioner, New York State Office of Children and Family Services*,

   Defendants.

19-CV-1106
DECISCION & ORDER

On August 21, 2019, the *pro se* plaintiff, Sunanda Kern, commenced this action under 42 U.S.C. § 1983.  Docket Item 1.  On March 9, 2020, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B).  Docket Item 7.  On March 3, 2020, the defendants had moved to dismiss, Docket Item 6; on March 24, 2020, the plaintiff responded, Docket Item 10; and on March 26, 2020, the defendants replied, Docket Item 11.  On April 20, 2020, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the defendants' motion should be granted.  Docket Item 12.

On May 5, 2020, the plaintiff objected to the R&R.  Docket Item 13.  On May 8, 2020, the defendants responded to the objections.  Docket Item 14.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must

review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R, the record in this case, the objection and response, and the materials submitted by the parties.  Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to grant the defendants' motion.  Kern's claim is barred by res judicata, and nothing in her objections—which largely dispute the factual findings of the state administrative law judge and do not address the legal question of claim preclusion—convinces the Court otherwise.

To the extent Kern argues that the defendants withheld material evidence during the underlying state proceedings—and that the defendants therefore have not shown that "the claims asserted in [this] action were, or could have been, raised in the prior action," *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285—that argument does not carry the day.  "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction . . . are barred, even if based on different theories or seeking a different remedy."  *Hameed v. Aldana*, 296 F. App'x 154, 155 (2d Cir. 2008) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (N.Y. 1981)).  Res judicata thus bars Kern's due process claim, notwithstanding her allegation that the state withheld certain investitive reports.  *See, e.g.*, *Cantore v. City of New York*, 2017 WL 11501442, at *10 (S.D.N.Y. Sept. 15, 2017) (holding that prior judgment on the plaintiff's arbitrary and capricious claim in Article 78 proceeding precluded subsequent section 1983 claim, despite new factual allegations, because both actions "stem[med] from [the d]efendants' allegedly wrongful and improper denial of [the p]laintiff's application for an

accident disability pension"); *Antonious v. Muhammad*, 873 F. Supp. 817, 821-22 (S.D.N.Y. 1995) (holding that prior state action precluded later federal action, notwithstanding new factual allegations "aris[ing] from a related series of transactions"), *aff'd*, 8 F. App'x 78 (2d Cir. 2001).

## **CONCLUSION**

For the reasons stated above and in the R&R, the defendants' motion to dismiss, Docket Item 6, is GRANTED; the complaint, Docket Item 1, is dismissed; and the Clerk of the Court shall close the file. The Court further certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   July 28, 2020
         Buffalo, New York

  /s/ Hon. Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE